HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMILY PIERSON,

    Plaintiff,

v.

ALASKA USA FEDERAL CREDIT UNION,

    Defendant.

Case No. 2:19-cv-1685-RAJ

**ORDER GRANTING MOTION TO REMAND**

## I. INTRODUCTION

This matter is before the Court on Plaintiff Emily Pierson's motion for remand. Dkt. # 11. For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

Pierson, a Washington resident, moves to remand her case involving only state law claims to King County Superior Court. Dkt. # 11. On November 18, 2019, Defendant Alaska USA Federal Credit Union ("Alaska USA") removed the case to this Court alleging diversity jurisdiction. Dkt. # 1. Pierson claims that federal credit unions like Alaska USA are stateless national citizens not amenable to diversity jurisdiction. Dkt. # 11. She also contends that Alaska USA's significant national activities means the Court cannot apply the "localization" exception to invoke diversity jurisdiction. *Id.* Alaska USA principally argues that the text of 28 U.S.C. § 1332 permits the exercise of diversity jurisdiction based on its principal place of business in Alaska. Dkt. # 14.

ORDER – 1

## III. DISCUSSION

Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

28 U.S.C. § 1332 sets forth two criteria for the federal district courts to have diversity jurisdiction over a matter: (1) complete diversity of the parties; and (2) an amount in controversy exceeding $75,000. In *Bankers' Trust Co. v. Texas & Pacific Railway, C*o., 241 U.S. 295, 309-10 (1916), the Supreme Court held that a "corporation chartered pursuant to an Act of Congress with activities in different states ... [is] not a citizen of any state for diversity jurisdiction purposes." Following *Bankers' Trust*, certain courts have concluded that federal credit unions are not considered citizens of any particular state for the purpose of establishing diversity of citizenship. *See, e.g.*, *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 368 F. Supp. 3d 889 (E.D. Va. Mar. 18, 2019); *Broadbridge Fin. Solutions, Inc. v. CNBS, LLC*, No. 15-cv-4978 (PAC), 2016 WL 1222339, at *1 (S.D.N.Y. Mar. 23, 2016).

Nevertheless, many courts recognize a limited exception to the general rule, which has become known as the "localization doctrine." *See, e.g.*, *Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453 (3d Cir. 1959); *Arlington Cmty. Fed. Credit Union v. Berkley Reg'l Ins. Co.*, 57 F. Supp. 3d 589, 593 (E.D. Va. 2014); *Elwert v. Pacific First Fed. Sav. & Loan Ass'n*, 138 F.Supp. 395 (D. Or. 1956). Under the "localization doctrine," a corporation organized under federal law, whose activities were confined to a single state, was regarded as a citizen of that state for jurisdictional purposes. Therefore, a "localized" corporation could invoke the diversity jurisdiction of the federal courts. On

ORDER – 2

the other hand, a federal corporation which had been organized to do business in several states, and which in fact was doing business in several states, was viewed as having national citizenship only.

Against this backdrop, Alaska USA insists that the "principal place of business" text in 28 U.S.C. § 1332(c)(1) applies to federally-chartered corporations. According to Alaska USA, "the text of 28 U.S.C. § 1332(c)(1) should be the beginning and end of the analysis." Dkt. # 14 at 6. It is a well known canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. *See Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Id*.

However, reading § 1332(c) to permit jurisdiction over federally-chartered corporations based their principal place of business would directly contravene the statute's primary purpose to reduce the caseload in the federal courts. S. Rep. No. 1830 (1958) (explaining, explicitly, that adopting this legislation would "ease the workload of our federal courts will federal court by reducing the number of cases involving corporations which come into federal district courts on the fictional premise that a diversity of citizenship exists"); *see also Hancock Fin. Corp. v. Federal Sav. and Loan Ins. Co.*, 492 F.2d 1325, 1329 (9th Cir. 1974) ("If federal corporations whose principal place of business is located in the District of Columbia were to be considered citizens of that District, diversity jurisdiction would be expanded to almost all suits involving federally chartered corporations. This would be a result not intended by Congress."). As one court recently noted, Congress subsequently passed legislation to provide state citizenship for certain federally-chartered corporations; an action that would have been superfluous if § 1332(c) applied to these entities. *See Navy Federal Credit Union*, 386. F. Supp.3d at 897-98 (detailing that 12 U.S.C. § 2258 gives farm credit banks, federal land bank associations, and other such entities citizenship in states where their "principal office is located"). This

ORDER – 3

Court agrees and adopts the position that federal credit unions are not considered citizens of any particular state for the purpose of establishing diversity of citizenship.

Even if this Court were to apply the "localized exception" to Alaska USA, the result would be no different. Alaska USA boasts 74 locations in Washington, Arizona, and California and serves members in all 50 states. *See* Dkt. # 15-1. Therefore, Alaska USA is not the kind of "peculiarly local" federally-chartered corporation that *Feuchtwanger* and other courts have deemed to be citizens of a given state for diversity purposes. *Feuchtwanger*, 272 F.2d at 455 (federal credit union at issue was a "peculiarly local institution of a single community in the state of New Jersey"); *Arlington Cmty. Fed. Credit Union*, 57 F. Supp. 3d at 595 (finding localization applied where "overwhelming" amount the credit union's members and business were in Virginia). Because the Court lacks jurisdiction over this action, it will be remanded to King County Superior Court by separate order.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion to remand. Dkt. # 11.

DATED this 14th day of February 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4